UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                              :

SOTHEBY'S INTERNATIONAL REALTY,     :
INC.,
                                                              :

                Plaintiff,             :

                                     :          06 Civ. 1725 (GEL)
              -v-                          :
                                     :          **OPINION AND ORDER**

CONRAD M. BLACK,                              :

                Defendant.        :

------------------------------------------------------------x

Joseph A. Boyle, Geoffrey W. Castello, Kelley
Drye & Warren LLP, New York, NY, for plaintiff.

Marc D. Powers, John Siegal, Jack Fitzgerald,
Baker & Hostetler LLP, New York, NY,
for defendant.

GERARD E. LYNCH, District Judge:

       Plaintiff Sotheby's International Realty, Inc. ("Sotheby's" or "SIR") filed this diversity action for breach of contract against defendant Conrad M. Black, seeking payment of a commission on the sale of Black's New York condominium. On August 14, 2006, this Court issued an Opinion and Order denying Black's motion for a stay and granting SIR's pre-discovery motion for summary judgment on all but one of Black's affirmative defenses. See Sotheby's Int'l Realty, Inc. v. Black, 472 F. Supp. 2d 481, 487 (S.D.N.Y. 2006). Black now moves for leave to amend his answer to add an affirmative defense of breach of fiduciary duty and duty of loyalty based on SIR's alleged failure to obtain his consent to act as a dual agent representing both Black and the purchasers of Black's condominium. The motion will be granted.

## DISCUSSION

I. **Motions to Amend Pleadings**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Although "[l]eave to amend should be freely granted, . . . the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002), citing Foman v. Davis, 371 U.S. 178, 182 (1962). Sotheby's contends that Black's motion to amend should be denied principally on two grounds: futility and prejudice. Neither ground has merit.

A. Futility

When a motion to amend is made early in the proceedings or in response to a motion to dismiss, the amendment will be deemed futile and the motion to amend denied where the amended pleading would be subject to "immediate dismissal" for failure to state a claim upon which relief can be granted, or on some other basis. Jones v. N.Y. State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999). Where, however, the parties have engaged in discovery and "rely heavily on . . . evidence [outside the pleadings] in making their arguments," the court must determine whether the proposed amendment would be futile under the summary judgment standard. DiPace v. Goord, 308 F. Supp. 2d 274, 279 (S.D.N.Y. 2004) (where parties submitted evidence outside the pleadings in connection with a motion to amend, the proposed pleading is assessed for whether it could survive a motion for summary judgment); see Stoner v. N.Y. City Ballet Co., No. 99 Civ. 0196, 2002 WL 523270, at *14 n.10 (S.D.N.Y. Apr. 8, 2002) (denying motion to amend where the claim might survive a motion to dismiss, but would

"immediately be subject to dismissal on a motion for summary judgment"); see also Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) (applying summary judgment standard where motion to amend was made in response to summary judgment motion).

In this case, the parties have completed discovery and Black has had "ample opportunity to explore and develop a factual foundation" for his proposed affirmative defense. Azurite Corp. Ltd. v. Amster & Co., 844 F. Supp. 929, 939 (S.D.N.Y. 1994). Black contends that the "depositions of the three Sotheby's brokers involved in the transaction, as well as [the deposition of] Sotheby's General Counsel," plainly establish that Sotheby's did not disclose its role as a dual agent. (D. Mem. 1.) Sotheby's, in turn, points to a document it provided to Black's real estate attorney as evidence that the dual agency was properly disclosed. (P. Mem. 4-5.) Given both parties' extensive reliance on materials outside of the pleadings, the Court will assess whether Black's proposed amendment would be futile under the standard of Rule 56 — i.e., whether the proposed affirmative defense could survive a motion for summary judgment brought by Sotheby's.

1. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court's responsibility is to determine if there is a genuine issue to be tried, and not to resolve disputed issues of fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Court must draw all reasonable inferences and resolve all ambiguities in the nonmoving party's favor, and construe the facts in the light most favorable to the nonmoving party. Id. at 254-55.

However, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

The party seeking summary judgment bears the burden of showing that no genuine factual dispute exists. See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). Once the moving party has made a showing that there are no genuine issues of material fact, the burden shifts to the nonmoving party to raise triable issues of fact. Anderson, 477 U.S. at 250. A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the nonmoving party. Id. at 248.

2. The Dual Agency Doctrine

Black's proposed defense alleges that Sotheby's breached its fiduciary duty and duty of loyalty to him by acting as a dual agent "without informing [him] of its [dual] representation" and without "seek[ing] or obtain[ing] [his] consent . . . to do so." (Powers Decl. Ex. 1 ¶ 64.) Under New York law, an agent "has the affirmative duty not to act for a party whose interests are adverse to those of the principal." Goldstein v. Dep't of State Div. of Licensing Servs., 533 N.Y.S.2d 1002, 1003 (2d Dep't 1988). In the context of a real estate transaction, a broker may not "act as agent for both seller and purchaser of property" unless the broker first obtains the consent of both principals "given after full knowledge of the facts."[1] Id.; see Queens Structure Corp. v. Jay Lawrence Assocs., Inc., 758 N.Y.S.2d 664, 666 (2d Dep't 2003). To establish the requisite consent for dual agency, an agent must demonstrate "'that both principals are fully

---

[1] Under New York law, some types of real properties are subject to a statutory requirement mandating written disclosure of dual agencies. See N.Y. Real Prop. Law § 443. This statutory requirement does not apply where, as here, the relevant property is a "condominium apartment[] . . . in a building containing more than four units." Id. § 443(1)(f).

4

informed of every fact material to their interests and that they consent freely in the presence of such knowledge.'" Schwartz v. O'Grady, No. 86 Civ. 4243, 1990 WL 156274, at *5 (S.D.N.Y. Oct. 12, 1990), quoting Hasbrouck v. Rymkevitch, 268 N.Y.S.2d 604, 607 (3d Dep't 1966). An agent's disclosure of its dual agency may not be "indefinite" or "equivocal"; rather, "[i]f dual interests are to be served, the disclosure to be effective must lay bare the truth, without ambiguity or reservation, in all its stark significance." Wendt v. Fischer, 243 N.Y. 439, 443 (1926) (Cardozo, J.). Similarly, proof of consent by a principal to dual agency "must be exacting." Schwartz, 1990 WL 156274, at *5.

Sotheby's argues that it disclosed to Black its role as a dual agent through a document it faxed to Black's real estate attorney in the weeks prior to the signing of the contract of sale. (P. Mem. 4.) That document, which contained contact information for various individuals involved in the real estate transaction, listed "Sotheby's International Realty" as the broker for both Black and the purchasers of Black's condominium. (Castello Decl. Ex. A; id. Ex. B at 16.) According to Sotheby's, even if Black's attorney failed to take notice of this listing and inform her client,[2] disclosure of this information to her is sufficient to charge Black himself with notice of SIR's dual agency. (P. Mem. 5.)

Although Sotheby's is correct that information received by an attorney generally may be imputed to her client, see Novak v. TRW, Inc., 822 F. Supp. 963, 974 n.13 (E.D.N.Y. 1993) (noting that "relationship between attorney and client is that of principal and agent, and the basic

---

[2] Black's attorney testified at her deposition that she was not aware that Sotheby's had acted as an agent for both Black and the purchasers of his condominium. (See Powers Decl. Ex. 6, Hirsch Tr. 93:19-94:15.)

5

laws of agency dictate that an agent's knowledge is imputed to its principal" (citation omitted)), the issue here is not whether Black should be deemed to have had notice of information that could have been discovered by careful perusal of a document to which he or his attorney had access, but whether Sotheby's complied with its fiduciary duty to *disclose* the potential conflict of interest. A conscientious fiduciary does not make disclosure by incorporating information in the fine print of a document provided for some other purpose; neither a deliberate effort at a "blow-by" nor a casual or inadvertent reference to a crucial fact constitutes a *disclosure* to the principal.

The record evidence reveals a genuine issue of material fact regarding whether the mere listing of Sotheby's as a broker for both buyer and seller on the contact sheet constitutes the kind of full and frank disclosure of dual agency required under New York law. Although New York Real Property Law § 443 does not technically apply to the transaction at issue,[3] the disclosure form mandated under that section provides a useful benchmark to assess the sufficiency of SIR's disclosure. With regard to dual agency, the § 443 disclosure form states:

> A real estate broker may represent both the buyer and the seller if both the buyer and seller give their informed consent in writing. In such a dual agency situation, *the agent will not be able to provide the full range of fiduciary duties to the buyer and seller*. . . . An agent acting as a dual agent must explain carefully to both the buyer and seller that the agent is acting for the other party as well. The agent should also explain the possible effects of dual representation, *including that by consenting to the dual agency relationship the buyer and seller are giving up their right to undivided loyalty*. A buyer or seller should carefully consider the possible consequences of a dual agency relationship before agreeing to such representation.

---

[3] See supra note 1.

6

N.Y. Real Prop. Law § 443(4)(a) (emphasis added). In contrast to the specific language in the disclosure form describing the possible adverse effects of dual representation, the contact sheet faxed to Black's attorney contains no such "express warning . . . that [SIR] may act on [Black's] behalf in a manner adverse to [his] interests," and is "conspicuously silent on the import of [SIR's] role as [Black's] agent." Schwartz, 1990 WL 156274, at *7. SIR's own general counsel testified that, "[i]f not required by law to provide the [§ 443 disclosure] form," Sotheby's agents "will typically, as is the standard and custom in New York City, . . . disclose [the dual agency] orally to the client." (Powers Decl. Ex. 2, Mazzucco Tr. 50:18-22.) The record, however, contains no evidence that Sotheby's ever disclosed its dual agency role in any manner other than through the contact sheet faxed to Black's attorney. Accordingly, even if notice of SIR's dual agency may properly be charged to Black's attorney and imputed to Black himself, a genuine issue of material fact clearly exists as to whether the contact sheet provided the kind of disclosure sufficient to give Black "effective" notice of SIR's dual agency. Wendt, 243 N.Y. at 443; see Schneider v. Wien & Malkin LLP, 798 N.Y.S.2d 713 (Table), 2004 WL 2495843, at *15 (N.Y. Sup. Ct. 2004) (noting that "the issue is not merely whether the dual agency was disclosed, but whether the disclosure was sufficient to permit informed consent").

Even assuming *arguendo*, moreover, that the contact sheet faxed to Black's attorney was sufficient by itself to provide "effective" disclosure of SIR's dual agency to Black, Wendt, 243 N.Y. at 443, Black's attorney specifically testified that no one at Sotheby's ever asked her, or, to her knowledge, Black, for consent to represent the purchasers in the transaction. (Powers Decl. Ex. 6, Hirsch Tr. 78:11-18.) This testimony, at the very least, raises a genuine issue of material fact regarding whether Black ever consented to SIR's dual agency role. Although Sotheby's

7

feebly suggests that Black implicitly consented to the dual agency because he "never objected" to it (P. Mem. 5), given the lack of any evidence that Black actually received the contact sheet or was otherwise made aware of the dual agency, a jury could reasonably conclude that Black's silence resulted from his ignorance of SIR's role as a dual agent, rather than his consent to such an arrangement. At the very least, then, a genuine issue of material fact exists as to whether Black's inaction, by itself, constitutes the kind of "exacting" proof of consent to dual agency required under New York law. Schwartz, 1990 WL 156274, at *5.

Sotheby's further claims that even if it breached its duties to Black, the motion to amend should still be denied because Black did not suffer any harm as a result of the dual agency. (P. Mem. 12-13.) As Black correctly points out, however, New York law does not require proof of damages for a party to invoke the dual agency doctrine. See Wendt, 243 N.Y. at 443-44 (noting that even if the breach of duty "was unaccompanied by damage[,] [t]his is no sufficient answer by a trustee forgetful of his duty. . . . Only by this uncompromising rigidity has the rule of undivided loyalty been maintained against disintegrating erosion"); Carr v. Nat'l Bank & Loan Co., 167 N.Y. 375, 379 (1901); 2A N.Y. Jur. 2d Agency § 227 (2007) ("The facts that no actual fraud has been practiced, *no damage has resulted*, and no bad faith has been exercised, in a transaction in which the agent has acted in a dual capacity, do not make the contract valid, in the absence of knowledge on the part of the principal of all the material facts." (emphasis added)). Similarly, Sotheby's suggestion that a broker's unauthorized dual agency does not require him to forfeit his commission (P. Mem. 13-15) is belied by numerous cases holding that an agent's breach of fiduciary duty, "if proven, . . . result[s] in the forfeiture of any right of compensation." Joseph P. Day Realty Corp. v. Mayflower Agency Co., Inc., 570 N.Y.S.2d 533, 534 (1st Dep't

8

1991); see Wendt, 243 N.Y. at 444 ("Commissions [a]re not earned unless duty ha[s] been done."); TPL Assocs. v. Helmsley-Spear, Inc., 536 N.Y.S.2d 754, 757 (1st Dep't 1989); John J. Reynolds, Inc. v. Snow, 201 N.Y.S.2d 704, 705 (1st Dep't 1960).

Accordingly, because the record evidence demonstrates that, at the very least, genuine issues of material fact exist regarding whether Sotheby's sufficiently disclosed to Black its role as a dual agent, and whether Black consented to the dual agency, the Court concludes that Black's proposed amendment would not be futile under the summary judgment standard.

B. Prejudice

A motion to amend, even if not futile, may still be denied if permitting the amendment would result in prejudice to the opposing party. See State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (observing that "resulting prejudice to the opposing party" is "perhaps the most important" reason to deny a motion to amend). In determining what constitutes "prejudice," courts consider "whether the assertion of the new claim would . . . require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. (internal quotation marks omitted).

Sotheby's contends that, at the very latest, Black learned of its dual agency role at the February 13, 2007, deposition of a Sotheby's salesperson who testified that Sotheby's brokers represented both Black and the purchasers of his condominium. (Castello Decl. Ex. C, Rocco Tr. 12:6-13:25.) According to Sotheby's, Black should have filed his motion to amend

9

immediately after that deposition instead of waiting until May 9, after the discovery deadline of April 30 had already passed. Sotheby's suggests that Black made a "calculated decision to wait until the close of discovery to assert" his proposed defense in order to "gain a tactical advantage," and that the resulting delay "unnecessarily and severely prejudiced SIR's ability to properly prosecute its claims." (P. Mem. 9.)

As Black convincingly explains, however, his decision to file the motion to amend on May 9 was not the result of bad-faith tactical maneuvering, but rather, stemmed from the fact that the deposition of Patricia Patterson, Black's primary Sotheby's broker, did not occur until April 20. "Patterson could well have testified that she told Mr. Black orally that Sotheby's was representing the buyers, that she obtained his oral consent, and that no one else was privy to the conversation, since it was her friendship with Mr. Black that resulted in the business relationship." (D. Mem. 22.) It is reasonable for counsel to investigate a potential claim fully before seeking to advance it in a pleading. Four days after Patterson's deposition, Black's counsel attempted to contact Sotheby's to obtain SIR's consent to amend the answer, but "due to scheduling conflicts," counsel for both parties were unable to speak "until the last day of the discovery cutoff." (Powers Decl. Ex. 10.) Given Black's persuasive explanation of the need to depose Patterson and his counsel's diligent attempt to contact Sotheby's immediately following the deposition, SIR's suggestion that Black acted in bad faith is unavailing.

Similarly, SIR's claim of "severe[] prejudice[]" (P. Mem. 9.) is wholly conclusory. Sotheby's does not even attempt to demonstrate that permitting Black to amend his answer will require it "to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." Block, 988 F.2d at 350. Indeed, Sotheby's

10

itself has already questioned numerous witnesses on the subject of dual agency (see, e.g., Powers Decl. Ex. 5, Boardman Tr. 118:17-22; id. Ex. 6, Hirsch Tr. 91:20-96:5), and any additional discovery it may need will be minimal and limited solely to the dual agency defense. See Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (noting that motion to amend should be granted where, inter alia, the added claims "require only limited discovery"). Although Sotheby's asserts that Black's ongoing criminal case may lead him to invoke his Fifth Amendment privilege and thus prevent it from taking his deposition and developing the facts necessary to rebut his proposed defense (P. Mem. 15-16),[4] any assertion of the privilege can only work in Sotheby's favor, as an adverse inference against Black may be drawn should he refuse to testify.[5] See Baxter v. Palmigiano, 425 U.S. 308, 335 (1976); SEC v. Universal Exp., Inc., 475 F. Supp. 2d 412, 438 n.20 (S.D.N.Y. 2007). Accordingly, Sotheby's fails to establish that it will suffer prejudice if Black is permitted to amend his answer.

---

[4] Although Black was recently sentenced, "a defendant may continue to assert his Fifth Amendment privilege against self-incrimination until his judgment of conviction becomes 'final.'" Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., No. 00 Civ. 7352, 2004 WL 1418201, at *1 n.2 (S.D.N.Y. June 23, 2004), quoting Mitchell v. United States, 526 U.S. 314, 326 (1999). It appears from public records that Black has not yet filed a notice of appeal from his conviction. Should Black timely appeal his conviction, "the judgment cannot be deemed final for purposes of the privilege because testimony offered in related civil proceedings has the potential to prejudice him in connection with his appeal and at a potential retrial." Id.

[5] It is not clear, moreover, whether Black may properly assert the privilege given the lack of any overlap between this case and his criminal case, see Sotheby's, 472 F. Supp. 2d at 483 (noting that the "two cases concern entirely different sets of facts with virtually no overlap"), and the narrow issue be explored — whether he knew of, and consented to, SIR's dual agency, see Sterling Nat'l Bank, 2004 WL 1418201, at *2 (noting that "the general reasonableness of a fear of potential self-incrimination does not justify a refusal to answer any and all questions; the appropriateness of assertions of privilege must be determined on a question-by-question basis"). Of course, the Court need not resolve this issue unless and until the propriety of any such assertion of privilege is properly before the Court.

In sum, because Sotheby's has failed to demonstrate futility, prejudice, or any other "basis for a district court to deny the right to amend," Block, 988 F.2d at 350 (internal quotation marks omitted), Black's motion for leave to amend is granted.

## CONCLUSION

For the foregoing reasons, Black's motion to amend his answer (Doc # 27) is granted.

SO ORDERED.

Dated: New York, New York
December 13, 2007

GERARD E. LYNCH
United States District Judge